IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CHARLES H. SIMMONS,**
**ADC #135731**                                                                                         **PLAINTIFF**

**V.**              **CASE NO. 3:20-CV-138-DPM-BD**

**RICKY DAVIS,** *et al.*                                                                           **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommendation for the dismissal of Mr. Simmons's claims has been sent to Chief Judge D.P. Marshall Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record. Also, if parties do not file objections, they may waive the right to appeal questions of fact.

**II.    Discussion:**

A.  Background

Charles Simmons is an inmate in the Arkansas Division of Correction (ADC). He filed this civil rights lawsuit without the help of a lawyer claiming that: Defendants Davis, Haverstick, and Westerfield used excessive force against him; Defendants Sweeney and Dauck failed to protect him; and Defendant Davis was deliberately

indifferent to his serious medical needs following the alleged excessive-force incident. (Doc. Nos. 2, 5)

On October 8, the Court recommended that Chief Judge Marshall dismiss Mr. Simmons's excessive-force claims against Defendants Davis, Haverstick, and Westerfield and his failure-to-protect claims against Defendants Sweeney and Dauk because Mr. Simmons did not exhaust his administrative remedies before filing suit. (Doc. No. 42) The Court further recommended that Mr. Simmons be allowed to proceed on his deliberate-indifference claim against Defendant Davis. That Recommendation remains pending.

Defendant Davis has now filed a supplemental motion for summary judgment based on Mr. Simmons's alleged failure to fully exhaust administrative remedies. (Doc. No. 45) Mr. Simmons has not responded to Defendant Davis's motion. The time for filing a response has passed. (Doc. No. 44)

B.  Exhaustion Requirement

The Court is obligated to dismiss the remaining deliberate-indifference claim against Defendant Davis if Mr. Simmons did not fully exhaust the grievance process before May 20, 2020, the date he filed his complaint in this case. See 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are a few exceptions to the exhaustion requirement; but there is no indication that there is any exception would apply to the facts in this case.

Defendant Davis attaches the declaration of Jacqueline Buterbaugh, the ADC Medical Grievance Supervisor, in support of his supplemental motion for summary judgment. (Doc. No. 45 at pp.48-54) Ms. Buterbuagh testifies that Mr. Simmons did not file any medical grievances against Defendant Davis regarding the claims raised in this lawsuit. (Doc. No. 45 at pp.53-54)

Mr. Simmons has not come forward with any evidence to contradict Ms. Buterbaugh's testimony. Accordingly, there is no genuine issue about Mr. Simmons's failure to exhaust a grievance against Defendant Davis before filing suit.

### III. Conclusion:

The Court recommends that Defendant Davis's supplemental motion for summary judgment (Doc. No. 45) be GRANTED. Mr. Simmons's deliberate-indifference claim against Defendant Davis should be DISMISSED, without prejudice, based on failure to exhaust administrative remedies.

DATED this 5th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE